*642 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos la Corporación Ferries del Caribe, Inc. (Ferries del Caribe) para solicitar que revoquemos una resolución y orden sobre moción de reconsideración emitida el 30 de abril de 2009, por la Compañía de Turismo de Puerto Rico (Compañía de Turismo). En el referido dictamen, la agencia recurrida se declaró con jurisdicción para atender la querella presentada al determinar que los servicios que ofrece Ferries del Caribe son propios de una agencia de viajes sobre los que la Compañía de Turismo sí tiene jurisdicción.
Por los fundamentos que a continuación expondremos, se confirma el dictamen recurrido.
I
El 17 de octubre de 2008, el Ledo. Víctor Hernández Sánchez presentó una querella ante la Compañía de Turismo en contra de Ferries del Caribe. La parte querellada solicitó la desestimación de la querella bajo el fundamento de que la Compañía de Turismo carecía de jurisdicción para atender la misma. Sostuvo que Ferries del Caribe no es una agencia ni un mayorista de viajes y que, por el contrario, es un “carrier” sobre el cual la Compañía de Turismo no tiene jurisdicción por estar el campo ocupado por la regulación federal correspondiente.
Debido a que la parte querellante-recurrida no compareció a oponerse a dicha solicitud dentro del término concedido por la Compañía de Turismo, se ordenó el archivo de su querella mediante resolución de 19 de febrero de 2009.
El Ledo. Hernández Sánchez, mediante escrito de oposición, alegó que no procedía la desestimación de su querella. En apoyo de su contención, citó el Artículo 3 del Reglamento Núm. 7006, conocido como el Reglamento Aplicable a los Agentes de Viajes y Mayoristas de Viajes y Excursiones y sus Procedimientos Aplicables, de 14 de julio de 2005. Argumentó que la aplicabilidad de dicha disposición no se limita a aquellas compañías que realizan transacciones a base de comisión, sino a todas las personas dedicadas a la venta u ofrecimiento en venta de boletos para el transporte a personas dentro o fuera de Puerto Rico, ya sea aéreo, acuático o terrestre, independientemente de que sea a base de comisión o no.
El 27 de marzo de 2009, la Compañía de Turismo declaró con lugar la moción de reconsideración presentada por la parte querellante-recurrida. Por consiguiente, denegó la solicitud de desestimación de la parte querellada-recurrente. Oportunamente, Ferries del Caribe solicitó la reconsideración de dicho dictamen.
El 30 de abril de 2009, la Compañía de Turismo emitió la resolución y orden recurrida en la que se declaró con jurisdicción para atender la controversia planteada ante sí. Como fundamento a su decisión, señaló lo siguiente:
“(........) *643 20. Corporación Ferries del Caribe no es un agente de viajes y/o mayorista de viajes debidamente autorizado por la Compañía de Turismo. Por el contrario, es un “carrier” sobre el cual la Compañía de Turismo no tiene jurisdicción. Sin embargo, fíjese que el Artículo 3 del Reglamento aplicable dispone que la Compañía de Turismo puede ejercer los mismos poderes que le han sido delegados en ley sobre cualquier persona que afecte o pueda afectar las actividades sujetas a su jurisdicción o competencia.
Corporación Ferries del Caribe ha admitido que además de vender boletos o pasajes, les (sic) provee a los pasajeros que están interesados servicios de reservación de estadía y transportación terrestre en la República Dominicana. No obstante, alega que tales gestiones las hace exclusivamente para los pasajeros que viajan a través de su transporte marítimo y que no recibe compensación alguna por gestionar dichas reservaciones, sino que el dinero es enviado directamente al hotel seleccionado. No obstante, la Parte Querellada no ha sometido evidencia alguna que sustente tal defensa y que demuestre que más allá de los servicios de transporte marítimo no está ofreciendo ni vendiendo estadías en hoteles de la República Dominicana ni transportación terrestre en dicho destino.
21. Luego de analizar la totalidad del expediente, se entiende que los servicios que Corporación Ferries del Caribe admite que ha ofrecido junto con los documentos sometidos por el Querellante constituyen evidencia suficiente de que la Querellada está operando tal y como lo haría una agencia de viajes. Si bien es cierto que Corporación Ferries del Caribe es un “carrier” sobre el cual la Compañía de Turismo no tiene jurisdicción, lo cierto es que este foro administrativo sí tiene jurisdicción sobre cualquier persona que afecte o pueda afectar las actividades sujetas a su jurisdicción o competencia al estar ejerciendo funciones propias a una agencia de viajes y/o mayorista de viajes sin estar previamente autorizado por la Compañía de Turismo, sí tiene jurisdicción.
(........)”. (Énfasis nuestro.) Pág. 55 (anverso y reverso) del apéndice del recurso.
Inconforme con dicha determinación, Ferries del Caribe acude ante nos mediante el presente recurso en el que alega que incidió la agencia recurrida al determinar que:
“1. Aunque no tiene jurisdicción sobre C.F.C. por ser un transportista marítimo en virtud del Artículo 7(j) del Reglamento Número 7006, sí la tiene bajo el Artículo 3 del mismo Reglamento, a pesar de que dicho Reglamento establece textualmente que los procedimientos adjudicativos de la Compañía de Turismo no le serán aplicables a los transportistas marítimos.
2. Del expediente surge que C.F.C. está operando como tal y como lo haría una agencia de viajes.
3. Los servicios que ofrece C.F.C. constituyen actividades sujetas a la jurisdicción de los procedimientos adjudicativos.”
Con el beneficio de la comparecencia de la parte recurrida, procedemos a resolver el recurso en sus méritos.
n
La Ley Orgánica de la Compañía de Turismo de Puerto Rico, Ley Núm. 10 de 18 de junio de 1970, fue enmendada por la Ley Núm. 212 de 28 de agosto de 2003, para facultar a la Compañía de Turismo, entre otras cosas, a: [...]
“(13) Reglamentar, investigar, intervenir y sancionar a aquellas personas o entidades dedicadas a la venta u ofrecimiento en venta de pasajes en Puerto Rico para el transporte aéreo, terrestre o acuático de personas para lugares dentro e (sic) fuera de Puerto Rico o que realicen reservaciones de alojamiento, entretenimiento o transportación terrestre o confección y venta de viajes integrales o excursiones dentro o fuera de Puerto Rico. 23 L.P.R.A. sec. 671(e).
Así pues, mediante la aludida ley, se transfirió a la Compañía de Turismo todos los poderes, facultades y obligaciones que asistían antes a la Comisión de Servicio Público para reglamentar a las agencias de pasajes y viajes. Mediante enmienda al Artículo 3(a) de la Ley Núm. 10, supra, se definió el negocio a reglamentar de la siguiente manera:
(a) Agente de viajes, incluye toda persona natural o jurídica dedicada, como compañía de servicio al consumidor, a la venta u ofrecimiento en venta de boletos para el transporte aéreo, terrestre o acuático de personas a lugares dentro o fuera de Puerto Rico, o que realice a modo de consultoría o a base de comisión por reservaciones de alojamiento, entretenimiento, transportación terrestre o confección y venta de viajes integrales (excursiones) dentro o fuera de Puerto *644 Rico a través de un mayorista de viajes o excursiones.” (Énfasis nuestro.) 23 L.P.R.A. see. 67Id nt.
Asimismo, el Artículo 5 de la Ley Núm. 212, supra, dispuso que los reglamentos creados por la Comisión de Servicio Público mantendrían su vigor hasta que fueran reemplazados por la Compañía de Turismo. Así las cosas, la Compañía de Turismo promulgó el Reglamento Núm. 7006, supra, el cual establece, en su Artículo 3, en lo pertinente al caso de autos, lo siguiente:
“La Compañía de Turismo de Puerto Rico tendrá y ejercerá jurisdicción original y exclusiva para reglamentar y fiscalizar todas las personas o entidades dedicadas a la venta de pasajes en Puerto Rico para el transporte aéreo, terrestre o acuático de personas para lugares dentro o fuera de Puerto Rico o que realicen reservaciones de alojamiento, entretenimiento o transportación terrestre o confección y venta de viajes integrales o excursiones dentro o fuera de Puerto Rico, en cualquier lugar comprendido dentro de la demarcación territorial de Puerto Rico; y podrá ejercer los mismos poderes delegados en la ley sobre cualquier persona que afecte o pueda afectar las actividades sujetas a su jurisdicción o competencia.” (Énfasis nuestro.)
Atinente al caso de marras, es menester señalar lo resuelto por el Tribunal Supremo de Puerto Rico en Viajes Gallardo v. Clavell, 131 D.P.R. 275 (1992). En esa ocasión, y confrontados con el argumento de falta de jurisdicción por el entonces organismo administrativo encargado de los asuntos referentes a las agencias y mayoristas de viajes, el Tribunal Supremo validó la facultad de la Comisión de Servicio Público para reglamentar y fiscalizar la aludida industria. En específico, expuso que dicha Comisión contaba con el poder para regular las funciones tradicionales de la empresa de viajes, así como aquellas otras que se deriven de la actividad principal, tales como la venta de boletos y excursiones fuera de Puerto Rico.
Los hechos en Viajes Gallardo v. Clavell, supra, ocurrieron cuando la Legislatura no había aprobado la Ley Núm. 50 de 22 de agosto de 1990 que extendió la jurisdicción de la Comisión de Servicio Público a alojamientos como servicio prestado por una agencia de viajes. Tampoco, obviamente, estaba vigente la Ley Núm. 212, supra, que transfirió esa jurisdicción a la Compañía de Turismo. El Tribunal Supremo encontró la jurisdicción de la Comisión de Servicio Público en la delegación de poderes general hecha a la agencia por la Legislatura y en el Reglamento General para las Agencias de Pasajes de Puerto Rico.
De esta forma, se legitimó la capacidad de este organismo para juzgar las situaciones resultantes de la actividad empresarial de las agencias de viajes, incluso aquellas no especificadas en la ley, pero que emanen del curso normal de la industria. De igual manera, se acotó que si la reglamentación promulgada por la agencia para implantar la encomienda que le fuera delegada está dentro de los amplios poderes concedidos y no es arbitraria o caprichosa, ha de tener el visto bueno judicial. Viajes Gallardo v. Clavell, supra. Véase, además, Hernández Denton v. Quiñones Desdier, 102 D.P.R. 218 (1974). Aún más, en este caso, se expuso que la Comisión de Servicio Público era el foro idóneo para atender las reclamaciones concernientes a las agencias de viajes y sus funciones por razón de su pericia administrativa.
ni
Analizada la controversia bajo el crisol doctrinario previamente esbozado, nos encontramos en posición de resolver. Así lo hacemos. Por estar íntimamente relacionados los tres señalamientos de error planteados por el recurrente, los discutiremos conjuntamente.
La parte querellada-recurrente alega que el ámbito de la reglamentación de la Compañía de Turismo para ejercer sus facultades provistas por ley recae sobre las compañías que ejercen sus operaciones dentro del área de transportación turística y bajo la Autoridad de los Puertos. Específicamente, alega que son las que realizan las agencias de viajes, mayoristas de viajes y cualquier empresa que se dedique a la venta de pasajes en transportes turísticos o que se encarguen de la venta y promoción de excursiones turísticas. Sostiene que de la Ley Núm. 212, supra, y el Reglamento Núm. 7006, supra, claramente surge que Ferries del Caribe no está sujeta a la jurisdicción de la Compañía de Turismo ni puede considerársele propiamente un agente o mayorista de viajes, ya que no se dedica a la promoción ni venta de viajes turísticos. Específicamente, apoya su contención en la exclusión que provee el Artículo 7(j) del citado Reglamento. No le asiste la razón. Veamos.
Del expediente ante nos surge que Ferries del Caribe admitió que vende boletos de transportación marítima para pasajeros y sus vehículos entre los puertos de Mayagüez y Santo Domingo. Esto es un “carrier” para lo cual la Compañía de Turismo no cuenta con jurisdicción. Además de ello, provee a los pasajeros que lo interesen un servicio de reservación *645 de alojamiento con transporte terrestre incluido en la República Dominicana. No hay duda de que dichos servicios son una función propia de un mayorista y/o agente de viajes, aun cuando la parte recurrente asegura no recibir compensación alguna por los mismos. Siendo así, no hay duda de que estos servicios en cierta medida afectan o pueden afectar las actividades sujetas a la jurisdicción de dicha agencia, ya que compiten con ellas. [1]
Como dijéramos anteriormente en esta opinión, el Artículo 3 del Reglamento Núm. 7006, supra, expone de forma específica que la Compañía de Turismo tiene la jurisdicción original y exclusiva para reglamentar y fiscalizar todas las personas o entidades dedicadas a la venta de pasajes en Puerto Rico para el transporte aéreo, terrestre o acuático o que realicen reservaciones de alojamiento, entretenimiento o transportación terrestre, o confección y venta de viajes integrales o excursiones dentro o fuera de Puerto Rico. No obstante, esa misma disposición reglamentaria establece que dicho organismo también podrá ejercer los mismos poderes delegados en la ley sobre cualquier persona que afecte o pueda afectar las actividades sujetas a su jurisdicción o competencia, como lo es la parte recurrente.
En resumen, las gestiones que realiza la parte querellada-recurrente versan sobre actuaciones claramente contenidas dentro del ámbito de la empresa de venta de boletos de viajes, reservaciones y estadía y lo hace sin estar autorizado. De esta manera, se valida la jurisdicción primaria y exclusiva que asiste a la agencia administrativa, quien por ley está facultada para acoger reclamaciones de tal naturaleza. Además, la Compañía de Turismo es la agencia con el peritaje necesario para dilucidar este tipo de casos.
En D.A.C.O. v. Farmacia San Martín, res. el 8 de enero de 2008, 175 D.P.R._(2009), 2009 J.T.S. 5, nuestro más Alto Foro resolvió que aunque el Departamento de Asuntos del Consumidor (D.A.C.O.) puede tener facultad y autoridad para investigar quejas de consumidores afectados por actuaciones de proveedores de bienes y servicios, de haber otra agencia administrativa a la cual una ley de carácter especial le ha conferido jurisdicción para supervisar y fiscalizar las actividades de ciertos proveedores en particular, practicada la investigación por el D.A.C.O., le corresponde a éste promover activamente la querella que proceda ante la agencia especializada, por ser el foro adjudicativo con jurisdicción para imponer sanciones.
Del análisis del caso de marras, se desprende que en efecto el caso ante nuestra consideración presenta una causa de acción claramente relacionada con los negocios de agencias de viajes las cuales están bajo el ámbito de los asuntos a ser atendidos por la Compañía de Turismo. Dicha agencia es sin duda el organismo con la pericia necesaria para poder atender cabalmente la reclamación del querellante-recurrido. Su competencia en el área del turismo y sus diferentes dimensiones, le confiere una clara primacía sobre la causa levantada por la parte querellante-recurrida. Además, claramente la Ley Núm. 212, supra, dispone que la Compañía de Turismo ostenta de forma exclusiva, dentro de su marco de actuación, el poder para dilucidar asuntos de la naturaleza que nos ocupa.
Por lo tanto, concluimos que no erró el foro recurrido al denegar la moción de reconsideración que presentara la parte aquí recurrente. No se cometieron los errores señalados.
IV
Por los fundamentos antes expuestos, se confirma la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Dimarie Alicea Lozada Secretaria del Tribunal de Apelaciones
ESCOLIO 2010 DTA 6

. El Artículo 7(h) del Reglamento Núm. 7006, conocido como el Reglamento Aplicable a los Agentes de Viajes y Mayoristas de Viajes y Excursiones y sus Procedimientos Aplicables, de 14 de julio de 2005, establece que “[n]inguna persona podrá dedicarse a negocio o actividades como agente de viajes sin estar autorizada por la Compañía.